UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 8096

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Mag. Case No. |
| | ) | |
| Plaintiff, | ) | COMPLAINT FOR VIOLATION OF: |
| | ) | |
| v. | ) | Title 8, U.S.C., Section 1324(a)(1)(A)(ii) |
| | ) | Illegal Transportation of Aliens and |
| Cheong Sau WONG (1) | ) | Title 18, U.S.C., Section 2 – Aiding & |
| | ) | Abetting |
| Xu Jun LEE (2) | ) | |
| Defendants. | ) | |

The undersigned complainant, being duly sworn, states:

On or about January 29, 2008, within the Southern District of California, defendants Cheong Sau WONG and Xu Jun LEE with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that alien, namely, Ming Zhou ZHU, Liangneng JIANG, Yuhai WANG, Xuzai DONG, and Liqiu LIN had come to, entered and remained in the United States in violation of law, did transport and move, said alien within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii) and Title 18, United States Code, Section 2, Aiding and Abetting.

And the complainant states that this complaint is based on the attached Statement of Facts which, is incorporated herein by reference.

MARCO A. MIRANDA
Senior Border Patrol Agent

SWORN TO BEFORE AND SUBSCRIBED IN MY PRESENCE THIS 31st DAY OF JANUARY 2008.

PETER C. LEWIS
United States Magistrate Judge

UNITED STATES OF AMERICA
              v.
Cheong Sau WONG (1)
Xu Jun LEE (2)

## STATEMENT OF FACTS

The complainant states that this complaint is based upon statements in the investigative reports by the responding agents, Border Patrol Agents S. Morales and Agent E. Vasquez, that on January 29, 2008, Cheong Sau WONG, a United States Citizen, was apprehended near Ocotillo, California, as the driver of a 2004 GMC Sahara Van, bearing California license 7H22487, as he smuggled five (5) undocumented aliens into the United States. Xu Jun LEE, a Legal Permanent Resident of the United States, was apprehended as the driver of a 2008 Mercury Mountaineer, bearing California license 6CEK721. LEE was traveling in tandem with WONG.

On January 29, 2008, Agents Morales and Vasquez responded to a call from Bureau of Land Management Rangers S. Nieblas, J. Cox, and B. Kent. Rangers Kent and Nieblas saw a 2008 Mercury Mountaineer following a 2004 GMC Sahara near the Imperial/San Diego County Line. Ranger Nieblas advised Agent Vasquez a traffic stop had been conducted on a 2004 GMC Sahara Van driven by WONG and a 2008 Mercury Mountaineer driven by LEE. WONG was stopped for speeding. Ranger Nieblas advised that while he asked WONG for his driver's license, registration and insurance, he could hear people in the back of the vehicle banging and moaning. WONG appeared nervous, his body was shaking and his arms were flinging all over the steering wheel. Agent Nieblas stated he asked WONG if there was anyone else in the vehicle. WONG stated no.

Rangers Nieblas and Cox received consent from WONG to search the 2004 GMC Sahara Van. Rangers Nieblas and Cox stated they opened the side door of the van and could hear people from inside a wooden box. A large sofa was on top of the wooden box. The rear of the wooden box was blocked by two washers secured tightly by the rear doors. Rangers Nieblas and Cox opened the wooden box and found five people which appeared to be in distress, sweating and gasping for air. A female, later identified as Ming Zhou ZHU, appeared at first to be unconscious, but woke up.

Ranger Nieblas asked WONG if he knew the driver of the 2008 Mercury Mountaineer and WONG stated he didn't.

Ranger Kent advised he saw the 2008 Mercury Mountaineer pass a 2004 GMC Sahara Van on a double solid line and was speeding. Ranger Kent advised that before he conducted a traffic stop on the 2008 Mercury Mountaineer driven by LEE, LEE pulled over to the side of the road. Ranger Kent asked LEE if he knew the driver of the 2004 GMC Sahara. LEE stated the driver is his uncle, WONG. LEE stated WONG was moving to Julian, California. Ranger Kent saw a cellular telephone and a hand-held two-way radio inside the 2008 Mercury Mountaineer.

Ranger Kent found a two-way radio in the 2004 GMC Sahara Van identical in make and model of the two-way radio in the 2008 Mercury Mountaineer.

Ranger Kent received consent from LEE to search the 2008 Mercury Mountaineer. Ranger Kent found $2,000.00 on LEE and a dark colored bag was discovered inside the 2008 Mercury containing approximately $9,300.00. LEE claimed some of the money in the bag belonged to him. Ranger Kent also found $7,835.00 in Korean and Chinese currency inside the 2008 Mercury Mountaineer.

WONG and LEE were arrested and transported to the El Centro Border Patrol Station. The five individuals found inside the wooden box were suspected of being illegal aliens and were also transported to the El Centro Border Patrol Station.

The individuals inside the wooded box were citizens and nationals of the People's Republic of China, illegally in the United States without proper immigration documents to be in or reside in the United States legally.

Material Witnesses, Ming Zhou ZHU, Liangneng JIANG, Yuhai WANG, Xuzai DONG, and Liqiu LIN, stated they had no immigration documents. All the Material Witnesses stated they were inside a compartment for several hours. All the Material Witnesses stated they were not aware of how much money they were going to pay to be smuggled into the United States. The Material Witnesses stated it was hot, they could not breath, couldn't move and were unable to get out of the wooden box.

The complainant states that the names of the Material Witnesses are as follows:

| NAME | PLACE OF BIRTH |
|---|---|
| Ming Zhou ZHU | People's Republic of China |
| Liangneng JIANG | People's Republic of China |
| Yuhai WANG | People's Republic of China |
| Xuzai DONG | People's Republic of China |
| Liqiu LIN | People's Republic of China |

Further, complainant states that Ming Zhou ZHU, Liangneng JIANG, Yuhai WANG, Xuzai DONG, and Liqiu LIN are citizens of a country other than the United States; that said they have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and that they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.